UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE KNICKERBOCKER<br><br>　　　　　Plaintiff,<br>　v.<br><br>AXCESS FINANCIAL SERVICES, INC.<br><br>　　　　　Defendant. | Case No. 4:16-cv-1516<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

JANE KNICKERBOCKER ("Plaintiff"), brings this action against Defendant AXCESS FINANCIAL SERVICES, INC. ("Defendant") to stop Defendant's practice of aggressive and illegal debt collection calls to the cellular telephone of Plaintiff, and to obtain redress for injuries Plaintiff has suffered as a result of Defendant's conduct.  Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### INTRODUCTION

1.　"The right to be let alone is indeed the beginning of all freedom."[1]  Plaintiff brings this action pursuant to the TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 (the "TCPA"), the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.*("FDCPA"), Chapter 302 of the TEX. BUS. & COM. CODE - the Regulation of Telephone Solicitation statute in Texas ("Texas TCPA"), and TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA").

2.　Defendant is a debt collection company that engages in reckless and aggressive debt collection practices which outright ignore controlling federal and state law, and the rights of

---

[1] *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952) (Douglas, J., dissenting).

the called parties.

3. Defendant repeatedly made unsolicited calls to Plaintiff's cellular telephone in violation of the TCPA. Defendant made at least 200 unauthorized and illegal calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") or pre-recorded voice for the purpose of bullying Plaintiff into paying an allegedly deficient balance when she outright disputes the validity of the debt. Defendant also called Plaintiff after she clearly stated she did not wish to be called again. Defendant's repeated calls also violate the FDCPA, which is a statute Congress passed to prevent harassing, unconscionable, and unfair debt collection practices.

4. Finally, Defendant's conduct violates the Texas TCPA and, in turn, the DTPA. Accordingly, Plaintiff is entitled to recover actual damages, attorneys' fees, costs of court, expert fees, deposition costs, and treble damages for each and every such violation.

## PARTIES

5. Plaintiff JANE KNICKERBOCKER is a natural person and citizen of Bryan, Texas.

6. Defendant AXCESS FINANCIAL SERVICES, INC. is a corporation organized under the laws of the State of Ohio. Defendant may be serving its registered agent, CT Corporation System, 1300 East Ninth Street, Cleveland, OH 44114.

7. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District. Furthermore, the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice. For these same reasons, venue is proper in this District.

## LEGAL BASIS FOR THE CLAIMS

**The TCPA**

10. Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[2] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

11. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

12. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to

the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

13.  Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

14.  Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

15.  Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**The FDCPA**

16.     In 1978, Congress enacted the FDCPA in response to data showing that abusive collection practices lead to an increase in personal bankruptcy filings, marital instability, loss of employment, and invasion of personal privacy. The FDCPA prohibits false, deceptive, misleading, harassing, abusive and offensive conduct during collection of consumer debts. *See* 15 U.S.C. § 1692a, *et seq.* In particular, the FDCPA prohibits, *inter alia*, the following practices:

- Discussing debt with a third party. 15 U.S.C. § 1692b(2)

- Contacting a third party more than one time for the purpose of obtaining debtor's location information. 15 U.S.C. § 1692d(1)

- Calling debtor's workplace if debtor notified debt collector that such calls are unwanted. 15 U.S.C. § 1692c(a)(3)

-  Calling debtor before the hours of 8 a.m. or 9 p.m. 15 U.S.C. § 1692c(a)(1)

-  The collector from threatening violence or the use of criminal activity towards the consumer or property. 15 U.S.C. § 1692d(1)

- The collector from using obscene or profane language. 15 U.S.C. § 1692d(2)

- The collector from engaging in harassing, abusive and/or oppressive conduct. 15 U.S.C. § 1692d

- The collector from making false, deceptive, or misleading statements. 15 U.S.C. § 1692e, e(10)

- The collector from stating or implying that non-payment will result in arrest or criminal prosecution. 15 U.S.C. § 1692e(4)

- The collector from threatening suit, garnishment, or seizure of property without the legal ability to do the same. 15 U.S.C. § 1692e(5)

- The collector from failing to identify itself and the purpose of the call. 15 U.S.C. § 1692e(11)

17. The FDCPA further expressly provides a private right of action to anyone who receives prohibited collection calls. A prevailing plaintiff under the FDCPA is entitled to recovery of actual damages (including mental anguish), a statutory penalty of $1,000, plus costs and attorneys' fees. 15 U.S.C. § 1692k(a).

### The Texas TCPA & DTPA

18. Enacted in 1978, Chapter 302 of the TEX. BUS. & COM. CODE is the Regulation of Telephone Solicitation statute in Texas ("Texas TCPA"). A violation of the Texas TCPA is also a violation of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by law:

> (a) A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17 (DTPA).
>
> (b) A public or private right or remedy prescribed by Subchapter E, Chapter 17 (DTPA), may be used to enforce this chapter.

TEX. BUS. & COM. CODE § 302.303; *see also* TEX. BUS. & COM. CODE § 17.50(h) (a plaintiff can maintain a DTPA suit based on the violation of other consumer-protection statutes that have been incorporated into the DTPA). The Texas TCPA shall be liberally construed and applied to promote its underlying purpose to protect persons against false, misleading, or deceptive practices in the telephone solicitation business. TEX. BUS. & COM. CODE § 302.003.

19. The Texas TCPA also provides much harsher civil penalties than the federal TCPA:

> (a) A person who violates this chapter is subject to a civil penalty of not more than **$5,000 for each violation.**
>
> ------------------------------------------
>
> (d) The party bringing the action also is entitled to recover **all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.**

TEX. BUS. & COM. CODE § 302.302 (emphasis added). The plaintiff can recover additional damages of **up to three times the amount of economic and mental anguish damages** for a DTPA claim. TEX. BUS. & COM. CODE § 17.50(b)(1) (emphasis added). Economic damages can be trebled if the defendant knowingly or intentionally violated the DTPA. *Id.*; *Bossier Chrysler-Dodge II, Inc. v. Riley*, 221 S.W.3d 749, 759 (Tex. App.–Waco 2007, pet denied). Mental-anguish damages can be trebled if the defendant acted intentionally. TEX. BUS. & COM. CODE § 17.50(b)(1).

### FACTS SPECIFIC TO PLAINTIFF JANE KNICKERBOCKER

20. Between and around November 2015 and March 2016, Plaintiff received at least 200 debt collection calls from 877-793-2265, which is associated with Defendant.

21. Plaintiff received all calls described above on her cellular telephone assigned a number ending in 1266.

22. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1).

23. When Plaintiff answered the calls, she could hear "dead air" for several seconds on the other end of the line before an automated voice recording played.

24. On every occasion, Plaintiff was unable to speak with a human being, and the automated voice failed to transfer her to a supervisor as Plaintiff requested.

25. The purpose of Defendant's calls was to collect a past due debt on a payday loan. The payday loan was not delivered as promised due to errors on the face of the disbursement check, and Plaintiff disputes the validity of the debt.

26. Defendant's behavior was harassing – Plaintiff received on average more than two collection calls per day and ten calls per week, on occasion receiving even five or more calls in a single day.

27. Plaintiff wanted to explain to a live representative the disbursement errors associated with originating the payday loan and their effects on the resulting debt, but has been unable to contact a live representative. Plaintiff attempted to call Defendant herself on several occasions, including during November of 2015, but was unable to connect with a live representative.

28. Upon receiving the first call in November of 2015, Plaintiff attempted to speak with a human being to inform Defendant to stop calling, but the automated dialing machine failed to connect her with a live person.

29. On at least one occasion, including during November 2016, Defendant placed a call to Plaintiff outside the hours allowed by the FDCPA.

30. Plaintiff felt the calls were an invasion of her privacy and wanted Defendant to stop calling. Defendant ignored Plaintiff's requests to further its own agenda: threaten and harass Plaintiff until she agreed to pay an allegedly past due loan balance.

31. Based on the circumstances of the calls – including, but not limited to, the multiple calls, Plaintiff not being engaged by a live person – Plaintiff believed Defendant called her cellular telephone using an ATDS that mechanically selected her number from a computer database.

32. On information and belief, Defendant's ATDS called Plaintiff on every occasion.

33. The telephone number Defendant called was assigned to a cellular telephone service for which she loses minutes she paid for pursuant to 47 U.S.C. § 227(b)(1).

34. In addition, the disbursement errors made by Defendant in originating the loan caused Plaintiff to miss payment obligations. Defendant's harassing phone calls are an attempt to collect a debt that was not delivered timely as promised and agreed to by Plaintiff.

35. Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 1266.

36. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

37. Plaintiff is a consumer who entered into a process with Defendant to borrow a payday loan. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

38. On information and belief, Defendant dedicates a substantial portion of its business to debt collection. Defendant regularly engages in the practice of collecting debts.

39. All calls Defendant made to Plaintiff violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

### FIRST CAUSE OF ACTION
(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,
47 U.S.C. § 227 *ET SEQ.*)

40. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200, *et seq.*

42. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
(Knowing and/or Willful Violation of
the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*)

44. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

46. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

48. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of 15 U.S.C. § 1692d(2), 15 U.S.C. § 1692d, and 15 U.S.C. § 1692e(5).

50. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of $1,000.00 in statutory damages, for each and every violation, and actual damages, including mental anguish.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE TEXAS REGULATION OF TELEPHONE SOLICITATIONS
### Chapter 302 of the TEX. BUS. & COM. CODE)

51. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas TCPA, including but not limited to each and every one of the provisions of Chapter 302 of the TEX. BUS. & COM. CODE.

53. As a result of Defendant's violations of the Texas TCPA, Plaintiff is entitled to an award of statutory damages in the amount of $5,000, for each and every violation, and actual damages including mental anguish, all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT
### Chapter 17 of the TEX. BUS. & COM. CODE)

54. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas TCPA, which automatically results in a violation of the DTPA.

56. A violation of the Texas TCPA is also a violation of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by law:

> "(a) A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17 (DTPA).
>
> (b) A public or private right or remedy prescribed by Subchapter E, Chapter 17 (DTPA), may be used to enforce this chapter."

TEX. BUS. & COM. CODE § 302.303; *see also* TEX. BUS. & COM. CODE § 17.50(h) (a plaintiff can

maintain a DTPA suit based on the violation of other consumer-protection statutes that have been incorporated into the DTPA).

57. As a result of Defendant's violations of the DTPA, Plaintiff is entitled to an award of actual damages, treble damages for the Texas TCPA violations ($15,000 per violation), costs of court, and attorney's fees.

## ATTORNEY'S FEES

58. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

59. Plaintiff is entitled to recover reasonable attorney fees and request the attorneys' fees be awarded.

## JURY DEMAND

60. Plaintiff, individually and on behalf of the Plaintiff Class, demand a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

- An award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,500.00 in statutory damages, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,000.00 in statutory damages, for each and every violation, pursuant to 15 U.S.C. § 1692, *et seq.*;

- An award of $5,000.00 in statutory damages, for each and every violation, pursuant to Chapter 302 of the Texas Business & Commerce Code, *et seq.*;

- Actual damages, including mental anguish.

- An award of $15,000.00 in statutory damages, for each and every violation, pursuant to Chapter 17 of the Texas Business & Commerce Code, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones, and enjoining Defendant from engaging in abusive and oppressive collection practices as outlined in this Complaint.

- Attorneys' fees, costs and any and all other relief deemed just and proper.

Dated: May 31, 2016    Respectfully Submitted,

     */s/ W. Craft Hughes*
W. Craft Hughes—craft@hughesellzey.com
Texas Bar No. 24046123
Attorney-in-charge

OF COUNSEL:

Jarrett L. Ellzey—jarrett@hughesellzey.com
Texas Bar No. 24040864
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335

Bryant Fitts
Texas Bar No. 24040904
bfitts@fittslawfirm.com
**FITTS LAW FIRM, PLLC**
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Phone (713) 871-1670
Fax (713) 583-1492

**ATTORNEYS FOR PLAINTIFF**